IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALLEN LEE KOON; AND CINDY MARIE KOON, | ) Civil Action No. 3:09-1021-SB-JRM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| NEWBERRY SC, COUNTY OF; | ) |
| NEWBERRY COUNTY SHERIFF'S | ) **REPORT AND RECOMMENDATION** |
| DEPARTMENT; | ) |
| JAMES MOORE, NEWBERRY COUNTY | ) |
| SHERIFF DEPUTY; | ) |
| GARRETT LOMINACK, NEWBERRY COUNTY | ) |
| SHERIFF LT.; AND | ) |
| RON HALFACRE, NEWBERRY COUNTY | ) |
| MAGISTRATE, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs, Allen Lee Koon and Cindy Marie Koon, filed this action on April 16, 2009.[1]

Defendants are Newberry County, the Newberry County Sheriff's Office (the "NCSO"), Deputy

James Moore ("Moore") of the NCSO, Lt. Garrett Lominack ("Lominack") of the NCSO, and

Newberry County Magistrate Ron Halfacre ("Halfacre"). On May 29, 2009, Plaintiffs filed a motion

for summary judgment. Defendants filed a response on June 16, 2009. On July 13, 2009, Defendants

filed a motion for summary judgment.[2] Because Plaintiffs are proceeding pro se, they was advised

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2]On May 29, 2009, Plaintiffs filed a "notice" of inappropriate representation. Plaintiffs assert that attorney Evan Gessner, who is representing Defendants in this action, may not represent Defendant Halfacre pursuant to S.C. Code Ann. § 1-7-50, which provides:

(continued...)

on July 15, 2009, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiffs filed a response on August 7, 2009.

## **STANDARD OF REVIEW**

The federal court is charged with liberally construing the complaints filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972) and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990),

---

[2](...continued)

> In the event that any officer or employee of the State, or of any political subdivision thereof, be prosecuted in any action, civil or criminal, or special proceeding in the courts of this State, or of the United States, by reason of any act done or omitted in good faith in the course of his employment, it is made the duty of the Attorney General, when requested in writing by any such officer or employee, to appear and defend the action or proceeding in his behalf. Such appearance may be by any member of his staff or by any solicitor or assistant solicitor when directed to do so by the Attorney General.

S.C. Code Ann. § 1-7-50.

Although this statute provides for representation of a state employee by the Attorney General in certain situations, there is no indication that Defendant Halfacre made such a request and Plaintiffs have provided nothing to show that he cannot be represented by a different attorney. Under South Carolina law, the State Budget and Control Board "has the exclusive control over the investigation, settlement, and defense of claims against the various entities and personnel for whom it provided insurance coverage and may promulgate regulations in connection therewith." S.C. Code Ann. § 1-11-140. Defendant Halfacre's attorney provides that Newberry County has a Tort Liability Policy with the State Budget and Control Board. South Carolina law further provides that when "any such officer or employee is covered by any policy of insurance, under the terms of which the carrier is required to provide counsel, the Attorney General may, in his discretion, make no further investigation and provide no representation for any such party." S.C. Code Ann. § 1-7-60. Plaintiffs fail to show that Gessner's representation of Defendant Magistrate Halfacre is inappropriate.

nor can the court assume the existence of a genuine issue of material fact where none exists. Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The non-moving party is entitled , to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986).  A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute.  See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

When both parties file motions for summary judgment, as here, the court applies the same standards of review.  Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir.1991); ITCO Corp. v. Michelin Tire Corp., 722 F.2d 42, 45 n. 3 (4th Cir.1983) ("The court is not permitted to resolve genuine issues of material fact on a motion for summary judgment-even where ... both parties have filed cross motions for summary judgment.") (emphasis omitted), cert. denied, 469 U.S. 1215 (1985). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co., 627 F.Supp. 170, 172 (D.Md.1985).

3

"[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." Nafco Oil & Gas, Inc. v. Appleman, 380 F.2d 323, 325 (10th Cir.1967); see also McKenzie v. Sawyer, 684 F.2d 62, 68 n. 3 (D.C.Cir.1982) ("[N]either party waives the right to a full trial on the merits by filing its own motion.").

## DISCUSSION

Plaintiffs, a married couple, had a dispute at their home on the night of March 24, 2009. Cindy Koon called "911." Defendants Moore and Lominack responded to the scene in separate vehicles. At that point the dispute was over and Allen Koon was sitting on the porch of the house. The officers arrested both Cindy and Allen Koon and transported them to the Newberry County Detention Center. The next morning, Plaintiffs appeared at a bond hearing before Magistrate Halfacre, Plaintiffs posted bonds (each in the amount of $5,217.00), and Magistrate Halfacre signed orders releasing Plaintiffs. Plaintiffs were released from custody at approximately 10:00 a.m. on March 25, 2009.

Plaintiffs appear to assert claims, pursuant to 42 U.S.C. § 1983, for violations of their constitutional rights. Specifically, they claim that Defendants violated their due process rights by failing to afford them a probable cause hearing within forty-eight hours of their arrest and failing to inform them of their Miranda rights.[3] They also assert that Defendants Moore and Lominack failed to inform them of the grounds of their arrest in violation of S.C. Code Ann. § 17-13-50. Additionally, Plaintiffs allege that Defendants violated their rights under 42 U.S.C. §§ 1985(c) and

---

[3]In Miranda v. Arizona, the Supreme Court held that the "prosecution may not use statements ... stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination," popularly known the right to remain silent. Miranda v. Arizona, 384 U.S. 436, 444 (1966).

1986.  Plaintiffs argue that their motion for summary judgment should be granted because they did

not receive probable cause hearings within forty-eight hours of their arrest and they did not receive

<u>Miranda</u> warnings.  They request declaratory and injunctive relief as well as monetary damages in

the amount of $500,000.[4]  Defendants argue that Plaintiffs' motion should be denied because

Plaintiffs were released from custody approximately thirteen hours after their arrests and Plaintiffs

had no entitlement to a probable cause hearing.

　　Defendants contend that they are entitled to summary judgment because: (1) Plaintiffs were

not entitled to a judicial probable cause hearing; (2) the arrests of Plaintiffs were proper under the

Fourth Amendment; (3) Plaintiffs fail to state a cause of action under <u>Miranda</u>; (4) Plaintiffs fail to

state a cause of action under § 17-13-5; (5) Plaintiffs fail to state a cause of action under 42 U.S.C.

§ 1985(3) and/or § 1986; (6) Newberry County and the NCSO are not "persons" under 42 U.S.C.

§ 1983; (7) Defendants Moore, Lominack, and Halfacre are entitled to immunity from suit under the

Eleventh Amendment; (8) the individual Defendants are entitled to qualified immunity; and (9)

claims against Defendant Halfacre are barred by judicial immunity.  Plaintiffs argue that Defendants'

motion for summary judgment should be denied because it does not conform to Rule 56, as it does

not contain any materials or evidence in support of granting the motion.  Additionally, they argue that

the memorandum in support is hearsay because it is the opinion of attorney Evan Gessner.[5]  Contrary

to Plaintiffs' arguments, Defendants submitted materials supporting their motion for summary

judgment with their opposition memorandum and they specifically noted that their motion for

---

[4]Plaintiffs also request relief for "others in similar situations."  "[A] litigant 'has standing to
seek redress for injuries done to him, but may not seek redress for injuries done to others.'"  <u>Laird
v. Tatum</u>, 408 U.S. 1, 14 (1972)(citations omitted).

[5]There is no indication that the memorandum is "evidence," but instead contains Defendants'
arguments in support of their motion for summary judgment.

summary judgment was based on those materials. See Defendants' Notice and Motion for Summary

Judgment (Doc. 23) and Defendants' Opp. Mem., Exs. A-J (Doc. 20-1). Plaintiffs also argue that the

incident reports, traffic tickets, and other testimony submitted by Defendants are hearsay[6] and violate

S.C.Code Ann. § 19-11-30.[7]

### 1. Probable Cause Hearing

Plaintiffs contend that their constitutional rights were violated because they did not

receive a probable cause hearing within forty-eight hours of their arrest. Defendants contend that

Plaintiffs, who were released from custody approximately thirteen hours[8] after their arrest, were not

---

[6]Even if the submitted reports (Defendants' Opp. Mem. Exs A-H) are deemed to be hearsay (Defendants have not addressed Plaintiffs' argument) and not considered, it would not change the undersigned's recommendation, as discussed further below.

[7]This statute provides, in part:
In any trial or inquiry in any suit, action, or proceeding in any court or before any person having, by law or consent of the parties, authority to examine witnesses or hear evidence, no husband or wife may be required to disclose any confidential or, in a criminal proceeding, any communication made by one to the other during their marriage.
S.C. Code Ann. § 19-11-30. Plaintiffs fail to show that this spousal privilege should be extended to the documents submitted by Defendants. The Supreme Court of South Carolina, in State v. Copeland, 468 S.E.2d 620 (S.C. 1996), specifically rejected a criminal defendant's assertion that the spousal privilege extended to statements made by her. Id. at 624. The right to exercise the spousal privilege is "solely that of the witness/spouse from whom the privileged information is being sought." State v. Motes, 215 S.E.2d 190 (S.C. 1975).

[8]The NCSO's Incident Report and Supplemental Report and Uniform Traffic Tickets reveal that Plaintiffs were placed under arrest at approximately 9:18 p.m. on March 24, 2009. Magistrate Halfacre signed orders releasing Plaintiff Allen Lee Koon at 9:22 a.m. and Cindy Koon at 9:29 a.m. on March 25, 2009. Plaintiffs' Booking Reports indicate that they were released from the Newberry County Detention Center at approximately 10:00 a.m. on March 25, 2009. See Defendants' Opp. Mem. (Doc. 20) - Exs. A-H. Even if these reports were to be excluded as hearsay, Plaintiffs have not disputed that they were released the morning after they were arrested (i.e. that they were held in custody for much less than forty-eight hours) or challenged the length of time from their arrest to their bond hearing and release.

6

entitled to a judicial determination of probable cause because such a determination is required only when law enforcement holds a suspect in pretrial detainment for an extended period of time.

Plaintiffs fail to show that they have a federal right to a preliminary hearing. See Gerstein v. Pugh, 420 U.S. 103 (1975); United States v. Kabat, 586 F.2d 325, 328 (4th Cir.1978) (an accused has no constitutional right to a preliminary hearing, provided that there is a determination of probable cause prior to an extended restraint of liberty following an arrest). In Gerstein, the Supreme Court held that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. Gerstein v. Pugh, 420 U.S. at 114. In County of Riverside v. McLaughlin, 500 U .S. 44 (1991), the Supreme Court held that, as a general matter, a judicial probable cause determination is prompt for purposes of the Fourth Amendment if it occurs within forty-eight hours after arrest or detention. "[A] policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." Gerstein v. Pugh, 420 U.S. at 113-114. Here, Plaintiffs were brought before Magistrate Halfacre on the morning after their arrests and Plaintiffs were released approximately thirteen hours after their arrests.

### 2. **Fourth Amendment Claims**

Plaintiffs may be attempting to assert a claim under the Fourth Amendment for false arrest or imprisonment because they were arrested without a warrant. Defendants contend that the arrests of Plaintiffs were proper under the Fourth Amendment as there was probable cause to arrest them and South Carolina law allows for a warrantless arrest for a violation of the Criminal Domestic Violence ("CDV") statute.

7

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. Amend. IV. Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. See, e.g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002)(recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001)(claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

"The Fourth Amendment is not violated by an arrest based on probable cause." Graham v. Connor, 490 U.S. 386, 396 (1989). A warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause is present is reviewed under a totality of the circumstances test. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause exists when the facts and circumstances within an officer's knowledge are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). While probable cause demands "more than a mere suspicion, ... evidence sufficient to convict is not required." Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996)(citing Wong Sun v. United States, 371 U.S. 471, 479 (1963)). Reasonable law officers need not "resolve every doubt about a suspect's guilt before probable cause is established." Torchinsky v. Siwinsky, 942 F.2d 257, 264 (4th Cir. 1991)(citation omitted).

The facts and circumstances within the knowledge of Defendants Lominack and Halfacre were sufficient to warrant a prudent man to believe that Plaintiffs had committed an offense. Lominack and Moore state that they responded to a 911 call of CDV; Allen Koon was sitting on the

8

front porch of the house and began to explain that he had an argument with his wife, Cindy Koon;

Cindy Koon came outside to speak with Lominack and Moore and Allan and Cindy Koon appeared

to be hostile towards one another; Lominack learned that Plaintiffs had sustained injuries from a fork

which Cindy Koon had thrown at Allen Koon and which Allen Koon had thrown back at Cindy

Koon; and they also learned that Cindy Koon thereafter hid in a closet. These Defendants state that

a primary aggressor could not be determined and, after conferring, they determined that both

Plaintiffs were in violation of the South Carolina CDV statute.[9]  Lominack Aff., Paras. 2-9; Moore

Aff., Paras. 2-9.

Plaintiffs appear to argue that Article 1, section 10 of the South Carolina Constitution requires

that all arrests be made pursuant to a valid warrant.  This section, however, provides:

> The right of the people to be secure in their persons, houses, papers, and effects
> against unreasonable searches and seizures and unreasonable invasions of privacy
> shall not be violated, **and no warrants shall issue but upon probable cause**,
> supported by oath or affirmation, and particularly describing the place to be searched,
> the person or thing to be seized, and the information to be obtained.

S.C. Const. Art.1, § 10 (emphasis added).  South Carolina law provides that:

> The deputy sheriffs may for any suspected freshly committed crime, whether upon
> view or upon prompt information or complaint, arrest without warrant and, in pursuit
> of the criminal or suspected criminal, enter houses or break and enter them, whether
> in their own county or in an adjoining county.

---

[9]The applicable statute provides, in part:
(A) It is unlawful to:
     (1) cause physical harm or injury to a person's own household member; or
     (2) offer or attempt to cause physical harm or injury to a person's own
     household member with apparent present ability under circumstances
     reasonably creating fear of imminent peril.
(B) Except as otherwise provided in this section, a person who violates the provisions
of subsection (A) is guilty of the offense of criminal domestic violence and, upon
conviction, must be punished as follows:
     (1) for a first offense, the person is guilty of a misdemeanor...
S.C.Code Ann. § 16-25-20.

S.C. Code. Ann. § 23-13-60. Additionally, under the CDV statute:

> A law enforcement officer must arrest, with or without a warrant, a person at the person's place of residence or elsewhere if physical manifestations of injury to the alleged victim are present and the officer has probable cause to believe that the person is committing or has freshly committed a misdemeanor or felony under the provisions of Section 16-25-20(A) or (D), or 16-25-65 even if the act did not take place in the presence of the officer.

S.C. Code Ann. § 16-25-70(b). The Supreme Court of South Carolina, in State v. Martin, 268 S.E.2d. 105 (S.C. 1980), specifically found that "an officer can arrest for a misdemeanor [not committed within his presence] when the facts and circumstances observed by the officer give him probable cause to believe that a crime has been freshly committed." Id. at 107.

### 3.     **Miranda**

Plaintiffs appear to allege that Defendants violated their due process rights by failing to inform them of their Miranda rights. There is no cause of action under § 1983 for a Miranda violation where a coerced statement has not been used against a criminal defendant in his criminal proceeding. See Chavez v. Martinez, 538 U.S. 760 (2003). "Miranda warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment. The remedy for a Miranda violation is the exclusion from evidence of any ensuing self-incriminating statements. The remedy is not a § 1983 action." Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir.1995) (per curiam) (internal citations omitted).

### 4.     **§§ 1985 and 1986**

Plaintiffs allege that Defendants violated their rights under § 1985(3) by conspiring to interfere with their civil rights. Specifically, they claim that Lominack and Moore conspired to deprive them of the equal protection of the laws, or of equal privileges and immunities under the laws; the NCSO furthered the conspiracy by failing to bring Plaintiffs promptly before a neutral and

detached judicial officer for a determination of probable cause; and that Defendant Halfacre furthered

the conspiracy by depriving them of a judicial determination of probable cause. Plaintiffs also allege

that Defendants Moore, Lominack, and Halfacre violated their rights under § 1986 because these

Defendants had knowledge of the alleged wrongs under § 1985(3) and neglected and refused to

correct the wrongs committed. Defendants contend that Plaintiffs fail to state a cause of action under

§ 1983(3) because they failed to allege and cannot show any class-based invidiously discriminatory

animus. They contend that because Plaintiffs fail to state a cause of action under § 1985(3), they also

fail to state a claim for relief under § 1986.

Section 1985(3) provides to those injured by a conspiracy to deprive them of the equal

protection of the laws a right of action against the conspirators. It reads in relevant part:

> If two or more persons in any State or Territory conspire ... for the purposes of
> depriving ... any person or class of persons of the equal protection of the law, or of
> equal privileges and immunities under the laws ... the party so injured may have an
> action for the recovery of damages ... against one or more of the conspirators.

42 U.S.C. § 1985(3). There is a heightened pleading standard for § 1985(3) conspiracy claims.

Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The elements of this claim are: (1) a conspiracy

of two or more persons; (2) who were motivated by a specific class-based, invidiously discriminatory

animus; (3) to deprive the plaintiff of the equal enjoyment of rights of secured by the law to all; (4)

and which results in injury to the plaintiff; (5) as a consequence of an overt act committed by the

defendants in connection with the conspiracy. Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir.

1985). In Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971), the Supreme Court held that §

1983(5) includes conspiracies of private individuals. However, the Court limited this holding to

require a plaintiff to show that an actionable private conspiracy must be motivated by "some racial,

or perhaps otherwise class-based, invidiously discriminatory animus." Byrd v. Hopson, 265

11

F.Supp.2d 594, 603 (W.D.N.C. 2003), aff'd. 2004 WL 1770261 (4th Cir. 2004), (quoting Griffin v. Breckenridge ).

In this case, the Plaintiffs merely quote language from § 1985 and do not identify any specific evidence of an agreement by Defendants to violate their civil rights. See Simmons v. Poe, 47 F.3d at 1377 (The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."). Plaintiffs also fail to allege or show any class-based, invidiously discriminatory animus behind Defendants' action. Thus, Plaintiffs fail to establish claims under § 1985(3).

Section 1986 extends liability to those with knowledge of the conspiracy: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section ... shall be liable to the party injured ... for all damages[.]" 42 U.S.C. § 1986. Viability of a § 1986 claim is based on the antecedent § 1985 claim. If the 1985 claim is dismissed, the § 1986 claim also fails. Buschi v. Kirven 775 F.2d at 1243; Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985).

5.    § 17-13-50

Plaintiffs allege that Defendants violated their rights under S.C. Code Ann. § 17-13-50,[10] because they failed to inform Plaintiffs of the grounds of their arrest. Defendants Moore and

---

[10]This statute provides:
(A) A person arrested by virtue of process or taken into custody by an officer in this State has a right to know from the officer who arrests or claims to detain him the true ground on which the arrest is made. It is unlawful for an officer to:
  (1) refuse to answer a question relative to the reason for the arrest;
  (2) answer the question untruly;
  (3) assign to the person arrested an untrue reason for the arrest; or
  (4) neglect on request to exhibit to the person arrested or any other person acting in his behalf the precept by virtue of which the arrest is made.
                                                                          (continued...)

12

Lominack state that they informed Plaintiffs that they were being placed under arrest for a violation of the South Carolina CDV statute; explained the CDV statute, and explained why Plaintiffs were being placed under arrest. Moore Aff., Para. 10; Lominack Aff., Para. 10.

Assuming, in the light most favorable to Plaintiffs for purposes of summary judgment, that Plaintiffs were not informed of why they were being arrested, Defendants Lominack and Moore may have violated S.C.Code Ann. § 17-13-50. A violation of state law, however, does not provide a basis for a § 1983 claim. Liability is appropriate under § 1983 only to remedy violation of federally protected rights. See Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Clark v. Link, 855 F.2d 156, 161, 163 (4th Cir.1988) (holding that § 1983 claim rests on violation of the Constitution or statutes of the United States, not solely on violation of state statutes or common law torts).[11]

### 6.    Judicial Immunity

Defendant Halfacre contends that Plaintiffs' claims against him are barred by judicial immunity as he was exercising his duties and powers established by statute when he presided over Plaintiffs' bail hearing on March 25, 2009. Plaintiffs appear to argue that judicial immunity is not applicable because it does not bar their requests for injunctive relief.

Members of the judiciary have absolute immunity for any actions performed in their official capacity, Stump v. Sparkman, 435 U.S. 349 (1978). Defendant Halfacre is a state magistrate. As such, he has immunity from liability in damages under § 1983 for acts which are performed in his

---

[10](...continued)
(B) An officer who violates the provisions of this section is guilty of a felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than ten years, or both.
S.C. Code. Ann. § 17-13-50.

[11]Further, Plaintiffs have not shown that they have a private cause of action for damages under this statute.

official discretion,   Unless Plaintiffs can show that Magistrate Halfacre's actions occurred "in clear absence of all jurisdiction," he is absolutely immune from liability for monetary damages, even if his action was done in error, maliciously, or in excess of his authority.  Id. at 356.  See also, Chu v. Griffith, 771 F.2d 79 (4th Cir. 1985).

### 7. NCSO, Newberry County

Newberry County and the NCSO contend that they are not "persons" subject to suit under § 1983. Plaintiffs fail to show that the NCSO is a "person" subject to suit under § 1983. Buildings, walls, and fences do not act under color of state law.  See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit).  Hence, the NCSO is not a "person" subject to suit under 42 U.S.C. § 1983. Municipalities and local government units, such as counties, however, are treated as "persons" under § 1983.  Monell v. Dep't of Social Services of New York, 436 U.S. 658, 690 (1978).  Thus, they can be held liable when a constitutional violation results from the enforcement of a municipal policy or practice, or the decision of a final municipal policymaker.  Id. at 691.  Two elements are required to establish municipal liability: (1) whether the plaintiff's harm was caused by a constitutional violation and (2) if so, whether the municipality is responsible for that violation.  The municipality is

14

responsible only when the execution of a government's policy or custom, whether made by its

lawmakers or by those whose acts may fairly be said to represent official policy, inflicts injury.

Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978).  Plaintiffs have not shown that a

specific policy or custom of Newberry County caused the alleged violations.  See Spell v. McDaniel,

824 F.2d 1380, 1389 (4th Cir. 1987).[12]

### 8.      Eleventh Amendment Immunity

Defendants Moore, Lominack, and Halfacre contend that they are entitled to Eleventh

Amendment immunity.  When a defendant is sued in his or her official capacity, the suit is frequently

intended as one against the state, the real party in interest.  If review of the pleadings indicates that

the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the

Eleventh Amendment of the United States Constitution.  Although declaratory and/or injunctive

relief may be granted, damages may not be awarded against the state.  In the case of Will v. Michigan

Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between

§ 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil
> liberties, but it does not provide a federal forum for litigants who seek a
> remedy against a State for alleged deprivations of civil liberties.  The
> Eleventh Amendment bars such suits unless the State has waived its immunity
> [cites omitted] or unless Congress has exercised its undoubted power under
> § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or

governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but

---

[12]Contrary to Plaintiffs' argument, Defendants' response in their Answer (Paragraph 30) that Plaintiffs were not entitled to a probable cause hearing falls short of showing that it is a "policy" or "custom" of Newberry County to deny probable cause hearings.

the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities.

In Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988), aff'd mem., 878 F.2d 379 (4th Cir. 1989)[Table], the court addressed whether South Carolina sheriffs were state or county officials. The court applied South Carolina common law principles of the master and servant relationship and concluded that sheriffs are state officials. Id. at 954-955. The Fourth Circuit concluded, in Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996), that the Greenville County sheriff, in his capacity as a state official, was immune from suit for monetary damages under § 1983. Id. at 1332. Further, in Gulledge, the district court concluded that deputy sheriffs are agents of the sheriff and therefore under state, not county, control. Gulledge, supra; see also Heath v. Aiken County, 368 S.E.2d 904 (S.C. 1988). In Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992), the South Carolina Supreme Court cited Gulledge with approval and specifically held that South Carolina sheriffs and their deputies are state officials for § 1983 purposes. Thus, Defendants Moore, Lominack, and Halfacre are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

### 9.    Qualified Immunity

The individual Defendants also contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

16

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiffs fail to show that the individual Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants Moore, Lominack, and Halfacre are entitled to qualified immunity in their individual capacities.

    10.    State Law Claims

It is unclear whether Plaintiffs are attempting to assert claims under South Carolina law. As Plaintiffs fails to show that Defendants violated their rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

**MOTION TO STRIKE**

On May 29, 2009, Plaintiffs filed a motion to strike Defendants' answer pursuant to Fed. R. Civ. P. 12(f). Plaintiffs appear to argue that their motion to strike should be granted because the denials are from Defendants' attorney and are not "first hand" from any Defendants, they disagree with Defendants' asserted defenses, Defendants have waived immunity because Defendants are covered by liability insurance, and Defendants do not state any specific facts or case law in support

of their defenses. Defendants filed a response on June 16, 2009. They argue that Plaintiffs' motion

should be denied because there are questions of law and fact which may allow Defendants' asserted

defenses to succeed and Plaintiffs will not be prejudiced by the inclusion of these defenses.

The Federal Rules of Civil Procedure require that defenses be set out in the pleadings in order

to give notice to the opposing party of the issues and to afford the opposing party an opportunity to

argue its position. See Fed. R. Civ. P. 8(b);[13] Richmond Steel, Inc. v. Legal and General Assur. Soc.,

821 F.Supp. 793 (D.P.R. 1993). Review of Defendants' answer reveals that it comports with Rule

8(b) and should not be stricken.

Motions to strike "are generally viewed with disfavor because striking a portion of a pleading

is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste

Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir., 2001) (internal citations and quotations

omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently

granted. Accordingly, a motion to strike matter from an answer will not be granted, unless the

moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to

be unworthy of any consideration as a defense such that its presence in the pleading throughout the

proceeding will be prejudicial to the moving party." McIntyre-Handy v. APAC Customer Servs.,

2006 WL 721383 (E.D.Va. Mar. 20, 2006) (internal citations and quotations omitted).

---

[13]This Rule provides, in part:
>     (1) In General. In responding to a pleading, a party must:
>         (A) state in short and plain terms its defenses to each claim asserted
>         against it; and
>         (B) admit or deny the allegations asserted against it by an opposing
>         party.
>
> Fed. R. Civ. P. 8(b).

Plaintiffs have brought their motion to strike pursuant to Fed. R. Civ. P. 12(f). This rule provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Plaintiffs has not shown that Defendants' defenses are insufficient, redundant, immaterial, impertinent, or scandalous.

## <u>CONCLUSION</u>

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 23) be **granted**; Plaintiffs' motion for summary judgment (Doc. 18) be **denied**; and Plaintiffs' motion to strike (Doc. 17) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

February 4, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).