Allen Lee Koon and Cindy )
Marie Koon, )
 )
      Plaintiffs, )
 )
v. ) Civil Action No. 3:09-1021-SB
 )
Newberry SC, County of; Newberry )
County Sheriff's Department; James )
Moore, Newberry County Sheriff ) **ORDER**
Deputy; Garrett Lominack, Newberry )
County Sheriff Lt.; and Ron Halfacre, )
Newberry County Magistrate, )
 )
      Defendants. )
_____)

This matter is before the Court upon the pro se Plaintiffs' complaint, filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. The record contains the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules for this district. In the R&R, Magistrate Judge Joseph R. McCrorey recommends that the Court grant the Defendants' motion for summary judgment and deny the Plaintiffs' motion for summary judgment and motion to strike. The Plaintiffs filed written objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within fourteen days after being served with a copy of that report.)

## BACKGROUND

The Plaintiffs, Allen Lee Koon ("Allen") and Cindy Marie Koon ("Cindy"), filed this action against Defendants Newberry County, the Newberry County Sheriff's Office ("NCSO"), Deputy James Moore ("Moore") of the NCSO, Lieutenant Garrett Lominack

("Lominack") of the NCSO, and Newberry County Magistrate Ron Halfacre ("Halfacre") on April 16, 2009. The Plaintiffs' claims concern an incident occurring on March 24, 2009, when officers Moore and Lominack responded to a "911" call made by Cindy during a domestic dispute. When Moore and Lominack arrived at the Plaintiffs' home in separate vehicles, they witnessed Allen sitting on the front porch. The Plaintiffs assert that they explained to the officers that they had settled their dispute and that the officers were not needed. According to the incident report and the affidavits of Moore and Lominack, however, when the officers arrived at the scene, Allen began telling the officers about the dispute. Soon after, Cindy came outside and began telling the officers her side of the story. The officers learned that Cindy had thrown a fork at Allen during the argument, and that the fork had caused a laceration above his eye and had hit his right hand, causing it to bleed slightly. Allen also threw the fork at Cindy, striking her in the lower right back and causing a scratch. Cindy then hid in a closet until the officers arrived. Because the officers could not determine a primary aggressor, they arrested both Allen and Cindy at approximately 9:18 p.m. on March 24, 2009. The Defendants assert that they explained the relevant statute to the Plaintiffs and told them why they were being arrested. The Plaintiffs' three children remained at home in the custody of Allen's father, Larry Koon.

The next morning, March 25, 2009, Magistrate Judge Halfacre held a bond hearing and signed orders releasing the Plaintiffs at 9:22 and 9:29 a.m. The Plaintiffs were released from the Newberry County Detention Center at approximately 10:00 a.m.

In their complaint, the Plaintiffs assert claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Specifically, the Plaintiffs allege that the Defendants violated their constitutional rights by failing to afford them a probable cause hearing within 48 hours of their arrests and

2

by failing to inform them of the grounds for their arrests. The Plaintiffs also allege that the Defendants conspired to violate the Plaintiffs' constitutional rights to due process and the equal protection and that the Defendants are liable for failing to prevent such conspiracy.

The Defendants filed an answer to the Plaintiffs' complaint, following which the Plaintiffs filed a motion to strike the Defendants' answer and a motion for summary judgment. The Defendants then filed responses in opposition to the Plaintiffs' motions. The Defendants also filed a motion for summary judgment, asserting that: (1) the Plaintiffs were not entitled to a probable cause hearing; (2) the Plaintiffs' arrests were proper under the Fourth Amendment; (3) the Plaintiffs have failed to state a cause of action under Miranda v. Arizona, 384 U.S. 436 (1966); (4) the Plaintiffs have failed to state a cause of action under S.C. Code § 17-13-50; (5) the Plaintiffs have failed to state a cause of action under 42 U.S.C. §§ 1985(3) and 1986; (6) Newberry County and the NCSO are not "persons" under 42 U.S.C. § 1983; (7) Defendants Moore, Lominack, and Halfacre are entitled to Eleventh Amendment immunity for suits against them in their official capacities; (8) the individual Defendants are entitled to qualified immunity; and (9) Defendant Halfacre is entitled to judicial immunity. The Plaintiffs filed a response in opposition to the Defendants' motion for summary judgment.

After analyzing the issues, the Magistrate Judge filed an R&R, recommending that the Court deny the Plaintiffs' motion for summary judgment and motion to strike and grant the Defendants' motion for summary judgment. In recommending that the Court grant the Defendants' motion, the Magistrate Judge determined that: (1) the Plaintiffs were not  entitled to a probable cause hearing because they were released approximately 13 hours after their arrests; (2) the warrantless arrests of the Plaintiffs were valid; (3) no cause of

3

action exists pursuant to section 1983 for a <u>Miranda</u> violation where statements made are not used against a criminal defendant; (4) the Plaintiffs' claims pursuant to sections 1985 and 1986 fail because the Plaintiffs have not alleged any evidence of an agreement between the Defendants; (5) the Defendants' alleged violation of South Carolina Code section 17-13-50 does not provide a basis for a section 1983 claim; (6) Defendant Halfacre is entitled to judicial immunity; (7) the NCSO and Newberry County are not "persons" pursuant to section 1983; (8) Defendants Moore, Lominack, and Halfacre are entitled to Eleventh Amendment immunity for the claims against them in their official capacities; (9) the individual Defendants are entitled to qualified immunity; and (10) the Plaintiffs' motion to strike is without merit. In response to the R&R, the Plaintiffs filed 20 pages of written objections, which the Court will address below.

## STANDARDS OF REVIEW

### I.  Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. <u>See Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-24 (4th Cir. 1990).



4

## II. The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

### I. The Plaintiffs' Objections

The Plaintiffs raise a number of objections to the R&R, which can be summarized as follows. First, the Plaintiffs object to the Magistrate Judge's probable cause reasoning, which they assert is misplaced according to S.C. Code § 17-13-30 and the South Carolina Bench Book for Summary Court Judges. Second, the Plaintiffs object to the Magistrate Judge's determination that they were not entitled to a probable cause hearing within 48 hours of their arrests. The Plaintiffs concede that the Magistrate Judge's reasoning with respect to their Miranda claim is correct; nevertheless, they assert that their Miranda allegations demonstrate a custom and policy of Newberry County and the NCSO to allow the deprivation of constitutional rights. The Plaintiffs also object to the Magistrate Judge's immunity findings, and they assert that Defendants Newberry County and the NCSO are "persons" for purposes of section 1983, pursuant to Monell v. Department of Social Service of New York, 436 U.S. 658 (1978). Finally, the Plaintiffs rehash their claims that the Defendants conspired to deprive them of their constitutional rights and that they failed to prevent such conspiracy.



5

**Probable Cause to Arrest**

As previously set forth, the Plaintiffs assert that "[t]he Magistrate[']s reasoning on probable cause to arrest is misplaced according to" S.C. Code § 17-13-30 and the "South Carolina Bench Book for Summary Court Judges." (Entry 31 at 1.) Essentially, the Plaintiffs assert that because the crime was not committed in the officers' view, the Defendants were without probable cause to arrest the Plaintiffs.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Davenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted). And "whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest. Id. (citing Maryland v. Pringle, 540 U.S. 366, 371 (2003)); Gerstein v. Pugh, 420 U.S. 103, 114 (1975) ("[A] policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of a crime, and for a brief period of detention to take the administrative steps incident to arrest."); see also Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 334 (4th Cir. 2009) ("[P]robable cause exists 'where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense.' ") (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).

Here, as the Magistrate Judge noted, the officers responded to a "911" call placed



6

by Cindy Koon as a result of a domestic dispute between Cindy and Allen Koon. When the officers arrived at the Koons' house, they learned that Cindy and Allen had thrown a fork at each other, causing at least minor injuries, and that Cindy had hidden in a closet after the incident. Because the officers could not determine a primary aggressor, they arrested both Cindy and Allen for violating South Carolina's criminal domestic violence statute, S.C. Code Ann. § 16-25-20.[1]

Although the Plaintiffs point to several South Carolina statutes that seem to indicate that an officer may make a warrantless arrest only if he or she actually observes the criminal activity, as previously set forth, the Fourth Amendment does not require that an officer actually witness a crime. Rather, a warrantless arrest does not violate the Fourth Amendment where probable cause exists to believe that a criminal offense has been committed or is being committed. Moreover, as noted by the Magistrate Judge, section 23-13-60 of the South Carolina Code provides: "The deputy sheriffs may for any suspected freshly committed crime, whether upon view or upon prompt information or complaint, arrest without warrant and, in pursuit of the criminal or suspected criminal, enter houses or break and enter them, whether in their own county or in an adjoining county." S.C. Const. Art. 1, § 10. Furthermore, the criminal domestic violence statute at issue provides:

> **A law enforcement officer must arrest, with or without a warrant,** a person at the person's place of residence or elsewhere if physical

---

[1] Section 16-25-20(A) provides that it is unlawful to: "(1) cause physical harm or injury to a person's own household member; or (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." S.C. Code Ann. § 16-25-20(A). Section 16-25-20(B) further provides that . . . "a person who violates the provision of subsection (A) is guilty of the offense of criminal domestic violence . . . ." S.C. Code Ann. § 16-25-20(B).

7



manifestations of injury to the alleged victim are present and the officer has probable cause to believe that the person is committing or has freshly committed a misdemeanor or felony under the provisions of Section 16-25-20(A) or (D), or 16-25-65, even if the act did not take place in the presence of the officer.

S.C. Code Ann. § 16-25-70(b) (emphasis added).

After a review of the record in this case, the Court has no difficulty in determining that the officers drew a reasonable conclusion, based on the facts known to them at the time, in determining that an offense had been committed and that probable cause existed to arrest the Plaintiffs. Therefore, the Court agrees with the Magistrate Judge that the warrantless arrests of the Plaintiffs were reasonable under the Fourth Amendment, and accordingly, the Court overrules the Plaintiff's objections with respect to this issue.

### Probable Cause Hearing and the Defendants' Alleged Failure to Comply with South Carolina Law

In their objections, the Plaintiffs reiterate their claim that the Defendants violated their constitutional rights by failing to conduct a bond hearing within 48 hours of their arrests. The Plaintiffs also assert that the Defendants failed to file an affidavit supporting their arrests within five days, as required by South Carolina law.

First, as set forth by the Magistrate Judge, the Supreme Court has held that states "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." Gerstein v. Pugh, 420 U.S. 103, 125 (1975); see also County of Riverside v. McLaughlin, 500 U.S. 44 (1991) (stating that a judicial determination of probable cause within 48 hours of arrest will generally comply with the promptness requirement of Gerstein). However, an accused has no constitutional right to



8

a preliminary hearing, provided that there is a determination of probable cause prior to an extended restraint of liberty following an arrest. See United States v. Kabat, 586 F.2d 325, 328 (4th Cir. 1978) ("[U]nder the Supreme Court's decision in Gerstein[ ], an accused has no constitutional right to a preliminary hearing, so long as he receives some form of 'a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.' ") (quoting Gerstein, 420 U.S. at 114).

Here, the Plaintiffs were arrested at 9:18 p.m. on March 24, 2009, and because of the time of their arrests, they remained in custody until the following morning when they appeared for a bond hearing before Magistrate Judge Halfacre, who signed orders releasing them at approximately 9:30. The Plaintiffs' booking reports indicate that they were released at approximately 10:00 a.m. on March 25, 2009. Accepting the Plaintiffs' version of the facts, they did not appear before Magistrate Judge Halfacre for a determination of probable cause. Nevertheless, the Supreme Court has held only that a prompt determination of probable cause is required "as a prerequisite to the extended restraint of liberty following an arrest."[2] Gerstein, 420 U.S. at 114. Because the Plaintiffs were released approximately 13 hours after their arrest, and because the Court believes that it was reasonable for them to be held overnight to allow for the necessary administrative steps, the Court agrees with the Magistrate Judge that the Plaintiffs have failed to show that they suffered an extended restraint of liberty without a prompt determination of probable cause following their arrest. Accordingly, the Court finds that the

---

[2] This is not to say that the Court will not one day find that a "prompt" determination of probable cause is required in the case of all warrantless arrests, and not just those in which an accused's liberty is "significantly" restrained. See Gerstein, 420 U.S. at 125, n. 26 (stating that "the key factor is significant restraint on liberty").

9



Plaintiffs' claim fails, and the Court overrules the Plaintiffs' objections with respect to this claim.

In addition to asserting that the Defendants violated their rights by failing to provide them with a prompt probable cause hearing, the Plaintiffs also assert that the Defendants violated various state statutes and rules. For instance, the Plaintiffs claim that the Defendants failed to comply with the South Carolina Bench Book, that they failed to file an affidavit within five days of their arrest as required by a South Carolina criminal rule, and that they failed to inform them of the charges they faced when arresting them, as required by section 17-13-50 of the South Carolina Code.

Ultimately, because a violation of state law (or the failure to comply with a state rule) does not provide a basis for a section 1983 claim, the Court agrees with the Magistrate Judge that these claims are without merit. Therefore, the Court overrules the Plaintiffs' objections with respect to these issues.

### The Plaintiffs' Remaining Objections

Having found that probable cause supported the officers' arrest of the Plaintiffs and that the Plaintiffs have failed to show any constitutional violation in connection with their arrests, the Court finds that the Plaintiffs' section 1985 and 1986 claims also fail. In addition, the Court finds that the remainder of the Plaintiffs' objections are without merit and/or rendered moot by the Court's findings.[3] Lastly, the Court agrees with the Magistrate

---

[3] Although the Court recognizes that it is not necessary to reach many of these issues based on the Court's determination that the Plaintiffs have failed to show any constitutional violation, in the interest of fairness to the Plaintiffs, who have thoroughly analyzed and briefed all of these issues, the Court notes that it agrees with the Magistrate Judge that the Plaintiffs have failed to state a claim for a <u>Miranda</u> violation or pursuant to either section 1985 or 1986; that Defendant Halfacre is entitled to judicial immunity; that

10



Judge that the Plaintiffs' motion to strike is without merit and should be denied.

## CONCLUSION

After review, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of the law. Accordingly, the Court adopts and incorporates the R&R (Entry 30), and it is hereby

**ORDERED** that the Defendants' motion for summary judgment (Entry 23) is granted, and the Plaintiffs' motion for summary judgment (Entry 18) and motion to strike (Entry 17) are denied.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 20, 2010
Charleston, South Carolina

---

Defendant NCSO is not a "person" pursuant to section 1983; that Newberry County also is not a "person" pursuant to section 1983 because--despite their conclusory allegations to the contrary--the Plaintiffs have failed to show that they suffered a constitutional violation as a result of some municipal policy; that Defendants Moore, Lominack, and Halfacre are entitled to Eleventh Amendment immunity for suits for damages against them in their official capacities; and that the individual Defendants are entitled to qualified immunity.

11

